IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-00518 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| HEALTH PLAN INTERMEDIARIES | ) MAGISTRATE JUDGE |
| HOLDINGS, LLC, et al., | ) HOLMES |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Defendant AXIS Insurance Company's ("AXIS") Motion to Dismiss (Doc. No. 233). Plaintiff Craig Cunningham ("Cunningham") filed a Response in Opposition (Doc. No 248) and AXIS filed a Reply (Doc. No. 269). For the reasons discussed below, AXIS's Motion to Dismiss will be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Cunningham filed a Second Amended Complaint on August 8, 2017, asserting four putative class claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, against Defendants based upon unwanted telemarketing calls he allegedly received on his cell phone. (*See* Doc. No. 73). The Second Amended Complaint alleges that, in October 2016, Defendants' third-party agents started calling Cunningham's cell phone to try to sell him health insurance. (*Id*. ¶ 35). These calls—over one hundred total—continued through February 2017. (*Id*. ¶ 36). Defendants' agents called through an automatic telephone dialing system (ATDS). (*Id*. ¶ 37). Cunningham knew that the calls came through an ATDS because, after answering the calls, he always heard a long pause before a prerecorded message began. (*Id*. ¶ 38). The prerecorded message came from the "National Health Insurance Enrollment Center"; that name does not

connect to any Defendant, and the calls never revealed "the real name of the person or entity calling." (*Id*. ¶¶ 39–40). But the calls mentioned each Defendant's products, and Cunningham got written offers in the mail featuring all Defendants' names. (*Id*. ¶ 41).

Cunningham never consented to receive calls made using an ATDS. (*Id*. ¶ 48). Cunningham alleges that he contacted Health Plan Intermediaries Holdings, LLC after the calls started to express that Defendants did not have permission to contact him. (*Id*. ¶ 50).[1] The Second Amended Complaint alleges that Health Plan Intermediaries Holdings, LLC then emailed "the other Defendants as its agents" to tell them to add Cunningham's phone number to their internal Do Not Call lists. (*Id*.). Despite that communication, Cunningham continued receiving phone calls from Defendants. (*Id*. ¶ 51).

The Second Amended Complaint alleges that GIP, a technology company, facilitated the unwanted phone calls by providing phone numbers and caller ID services to the other Defendants. (*Id*. ¶ 55).[2] Defendants used a GIP service that prevents a call's recipient from learning the caller's telecom service provider, thus preventing the recipient from complaining to the service provider about unwanted calls. (*Id*. ¶ 58). The Second Amended Complaint alleges that "each and every Defendant" acted as "an agent and/or employee of each of the other Defendants," (*id*. ¶ 25), and that Defendants relied upon third-party "Insurance Sales Agents" to carry out their core business functions, including marketing "the products and services of each and every other Defendant." (*Id*. ¶¶ 26, 30). Cunningham claims that Defendants control their agents' actions, including by marketing each other's products to potential customers. (*Id*. ¶ 27). Finally, Cunningham says that

---

[1] By prior Order, Judge John Robert Blakey dismissed the Second Amended Complaint against Health Plan Intermediaries Holdings, LLC for lack of personal jurisdiction. (*See* Doc. No. 148).

[2] By prior Order, Judge John Robert Blakey dismissed the Second Amended Complaint against GIP for failure to state a claim. (*See* Doc. No. 148).

Defendants ratified each other's actions by knowingly accepting "applications and customers from each other." (*Id*. ¶ 32).

On May 21, 2018, this case was transferred to this Court from the Northern District of Illinois. (Doc. No. 182). On August 2, 2018, AXIS moved to dismiss the Second Amended Complaint for failure to a state a claim. (Doc. No. 233).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

The TCPA makes it generally unlawful "to make any call [without] the prior express consent of the called party...using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a paging service, cellular telephone service,...or any service for which the called party is charged for the call." *Cunningham v. Rapid*

*Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1197–98 (M.D. Tenn. 2017) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). "While the text of the TCPA attaches primary liability to the person that 'make[s]' the call, the FCC has interpreted the Act to reach sellers," who can be held liable for the acts of "a third-party marketer...under federal common law principles of agency.'" *Id*. at 1198 (quoting *In re Joint Petition Filed by Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 at ¶ 1 (2013)). "Those principles, the FCC concluded, 'include not only formal agency, but also principles of apparent authority and ratification.'" *Id*. (quoting *Dish Network.*, *LLC, et al.*, 28 F.C.C. Rcd. 6574 at ¶ 28).

### A. Direct Liability

To establish direct liability, the Second Amended Complaint must show that AXIS initiated, or physically placed, unlawful phone calls. *See Lucas v. Telemarketer Calling from (407) 476-5680*, 2019 WL 3021233, *5 (6th Cir. 2019). AXIS argues that the Second Amended Complaint does not contain sufficient allegations to hold it directly liable under TCPA because it does not include allegations that it took any steps to physically initiate a call. (Doc. No. 234 at 6). Even viewing the facts in the light most favorable to Cunningham, the Court agrees. The Second Amended Complaint contains no specific factual allegations that could plausibly demonstrate that AXIS initiated any call to Cunningham. Accordingly, the Court will dismiss Counts I and II against AXIS insofar as they rely on theories of direct liability. *See Lucas*, 2019 WL 3021233, *5 (finding the district court properly dismissed any claims that defendant could be directly liable under the TCPA when defendant was not the entity that placed the call).

### B. Vicarious Liability

Cunningham claims that AXIS has vicarious liability for the alleged TCPA violations under any one of three agency theories: actual authority, apparent authority, and ratification. AXIS

4

argues that Cunningham's claims against it should also be dismissed because the Second Amended Complaint fails to allege any facts supporting an agency relationship.

      a. Actual Authority

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 372 (6th Cir. 2015) (quoting Restatement (Third) of Agency § 1.01 (2006)). "The Restatement (Third) of Agency explains that '[a]n agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.'" *Id*. at 373 (quoting Restatement (Third) of Agency § 2.01 (2006)). Cunningham asserts that the Second Amended Complaint sufficiently alleges actual authority because it alleges that Defendants acted on each others' behalf in making calls soliciting each others' services. (Doc. No. 248 at 14; Doc. No. 73 ¶¶ 25, 43). However, the Second Amended Complaint fails to identify a principal for the alleged web of agents. An agency relationship cannot exist without a principal. *See* Restatement (Third) Agency § 1.01. Although Cunningham does not have to allege facts completely within Defendants' knowledge at this stage, he does have to allege at least some facts to support an inference of an agency relationship. Cunningham's allegations of universal agency among Defendants lack that factual predicate.

Cunningham also fails to sufficiently plead that the third-party telemarketers had AXIS's actual authority to make the calls to him. The Second Amended Complaint uses the term "agents" to refer both to Defendants acting as each other's agents and to the third-party telemarketers acting as Defendants' agents, thus failing to specify what exactly each actor allegedly did. (*See* Doc. No.

5

73 ¶¶ 30–31). Additionally, while Cunningham alleges that AXIS had "control over their agents' actions," (*see* Doc. No. 73 ¶ 27), he fails to allege facts indicating that the "Insurance Sales Agents" were acting "on behalf of" AXIS or that they were subject to its control.

    b. *Apparent Authority*

"Apparent authority" under the TCPA "holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." *Cunningham*, 251 F. Supp. 3d at 1198 (quoting *Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 at ¶ 34). "Apparent authority exists when (1) the principal manifests that another is the principal's agent, and (2) it is reasonable for a third person dealing with the agent to believe the agent is authorized to act for the principal." *Id*. at 1199 (quoting *Deschamps v. Bridgestone Ams., Inc. Salaried Employees Ret. Plan*, 840 F.3d 267, 279 (6th Cir. 2016)). In the present case, Cunningham has not alleged any statements by AXIS, as apparent principal, that would manifest that other Defendants, "Insurance Sales Agents", or any other relevant person was its agent for the purpose of the calls. The Court therefore will dismiss Counts I and II against AXIS insofar as they rely on theories of apparent authority. *See id*.

    c. *Ratification*

Liability under the TCPA based on ratification arises when a seller "ratifies [the unlawful acts] by knowingly accepting their benefits"—for example, "through conduct justifiable only on the assumption that the person consents to be bound by the act's legal consequences." *Id*. at 1198 (quoting *Dish Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 at ¶ 34). "A seller's liability for the activities of a third-party robo-caller must nevertheless be tied into some identifiable agency principle—there is no strict liability merely because the unlawful calls were made on behalf of the seller." *Id*. (citation and internal quotations omitted). The Second Amended Complaint alleges

6

that: "Each and every Defendant also ratified the illegal actions of every other defendant by knowingly accepting the benefits of each Defendant's activities by accepting applications and customers from each other." (Doc. No. 73 ¶ 32). It further alleges that Defendants "transferred valuable customer information to one another based on the results of these telemarketing calls." (*Id*. ¶ 33). Here again, Cunningham offers nothing more than threadbare recitals of the elements of a cause of action and conclusory statements. Cunningham must allege some factual predicate that gives rise to an inference of an agency relationship. The Second Amended Complaint lacks that factual predicate, and Cunningham's broad and sweeping ratification allegations fail to move the alleged misconduct across the line between "sheer possibility" and plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, the Court will grant AXIS's motions to dismiss for failure to state a claim as to Counts I and II.

### C. Counts III and IV

In Counts III and IV, Cunningham seeks civil damages under 47 U.S.C. § 227(c)(5), which provides that "a person who has received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages. Cunningham alleges the phone calls at issue violated the regulations set out at 47 C.F.R. § 64.1200(d). The language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." 47 U.S.C. § 227(c)(1). Further, the plain language of the regulation relied upon by Cunningham states:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

7

47 C.F.R. § 64.1200(d). The private right of action created by 47 U.S.C. § 227(c)(5) provides for redress of violations of the regulations that concern residential telephone subscribers. *See Charvat v. NMP, LLC*, 656 F.3d 440, 443-44 and 449 (6th Cir. 2011). By Cunningham's own account, his allegations only involve calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5) and Counts III and IV will be dismissed. *See Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F.Supp.3d 1187, 1201 (M.D. Tenn. 2017).

## IV. CONCLUSION

For the foregoing reasons, Defendant AXIS Insurance Company's Motion to Dismiss (Doc. No. 233) will be **GRANTED**.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE